**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Clarence Kenneth Voigt, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | **RE § 1915 SCREENING** |
| | ) | |
| State of North Dakota, | ) | Case No. 1:07-cv-007 |
| | ) | |
| Defendant. | ) | |

### I.   BACKGROUND

On February 9, 2006, the plaintiff, Clarence Kenneth Voigt ("Voigt"), lodged a *pro se* complaint with this court. In addition, he filed an application to proceed *in forma pauperis*. What follows is the undersigned's recommendation as to how the court should proceed with the Voigt's aforementioned complaint and application.

### II.   DISCUSSION.

#### A.   Causes of Action

The crux of Voigt's complaint is that he was discriminated against by Workforce Safety and Insurance in violation of the Americans with Disabilities Act ("ADA"). In his complaint, he alleges:

> In February and March 2006 I was at the office of Independent Review of the North Dakota "Workforce Safety & Insurance." This office at I was in this office a total of three times in February, and March of 2006 the reasion that I was there was to meet with Mr. Chuck Kocher who is with (OIR) I was there to talk to Mr. Kocher about my 2003 claim that had been denied by (WSI) he was also there to help me put together my case and present it to the North Dakota Workers' Compensation Review Committee. We were in a large conference room. There were no auxiliary aids in the room. I was discriminated against by Chuck Kocher and the office of Independent Review.

1

>I was left unable to participat (sic) fully in the programs, activities, or services that were offered by the office of Independent Review.

**B.	Standard Governing Review**

Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that the court may authorize the commencement of a suit without prepayment of fees by a person submitting a financial affidavit evincing an inability to pay.  See 28 U.S.C. § 1915(a)(1).  Notwithstanding financial eligibility, the court may deny an application if it concludes the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).[1]

In applying the provisions of § 1915(e)(2), the court must give the *pro se* complaint the benefit of a liberal construction  and not dismiss the complaint unless it is clear beyond doubt that there is no set of facts that would entitle the plaintiff to relief.  Haines v. Kerner, 404 U.S. 519, 520 (1972) (*pro se* complaints are "subject to less stringent standards than formal pleadings drafted by lawyers"); Atkinson v. Bohn, 91 F.3d 1127, 1128-29 (8th Cir. 1996).  In construing the complaint, the court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 31-33 (1992) (court may disregard factual allegations that are clearly baseless, fanciful, fantastic, or delusional).  "A complaint is frivolous if it lacks an arguable basis in law or fact."  Martinez v. Turner, 977 F.2d 421, 423 (8th Cir. 1992)

---

[1]	28 U.S.C. § 1915(e)(2) states the following:
(2)  Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
	(A)	The allegation of poverty is untrue; or
	(B)	the action or appeal–
		(i)	is frivolous or malicious
		(ii)	fails to state a claim on which relief may be granted; or
		(iii)	seeks monetary relief against a defendant who is immune from such relief.

2

(citing Nietske v. Williams, 490 U.S. 319, 325 (1989)). "It lacks an arguable basis in law if the claim is based on an indisputable meritless legal theory." Id.

        **C.**        **28 U.S.C. § 1915(e)(2) Screening**

In order to establish a violation of Title II of the ADA, a plaintiff must show: (1) he is a qualified individual with a disability; (2) he was excluded from participation in or denied the benefits of a public entity's services, programs or activities, or was otherwise discriminated against by the entity; and (3) that such exclusion, denial of benefits or other discrimination was by reason of his disability. See Layton v. Elder, 143 F.3d 469, 472 (8th Cir. 1988). Notably, there is nothing in Voigt's complaint alleging that he was turned away by Workforce Safety and Insurance. In fact, the complaint suggests just the opposite–that Voigt visited its office on at least three occasions, that he met with Chuck Kocher, and that Mr. Kocher assisted in the development and presentation of his case to the North Dakota Workers' Compensation Review Committee.

Although not entirely clear, it appears that Voigt also takes exception to the fact there were no auxiliary aids in the conference room where he met with Mr. Kocher. His complaint, however, is devoid of any suggestion that he had requested an assistive device but was denied one. Moreover, it provides nothing in the way of an explanation as to how an auxiliary device or lack thereof affected his ability to participate in any programs, services, or activities. Finally, it does not allege any discrimination by either Chuck Kocher or Workforce Safety and Insurance by reason of his alleged disability.

**III.**        **CONCLUSION AND RECOMMENDATION**

It is clear beyond a doubt that the complaint fails to state a federal claim upon which relief can be granted within the meaning of 28 U.S.C. § 1915(e)(2).  Accordingly, it is **RECOMMENDED** that the application to proceed *in forma pauperis* be denied without prejudice to the claims set forth in the proposed complaint.  See Denton v. Hernandez, 504 U.S. at 34; Wilson v. Johnston, 68 Fed.Appx. 761 (8th Cir. 2003) (*per curiam*).

## NOTICE OF RIGHT TO FILE OBJECTIONS

Pursuant to Local Rule 72.1(E)(4), any party may object to this recommendation within ten (10) days after being served with a copy of this Report and Recommendation.  Failure to file appropriate objections may result in the recommended action being taken.

Dated this 2nd day of March, 2007.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.,
United States Magistrate Judge